EASTERN DIS.
April, 1832.

THOMPSON
vs.
ROGERS.

law, the Supreme Court cannot investigate the merits of a case.

------

## THOMPSON vs. ROGERS.

#### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The State Treasurer alone is authorized to sell the land of a non resident, to obtain payment of a tax.

The term "non resident" in our tax laws, includes those who reside in the state, but out of the parish in which the land is situated and the tax is assessed.

He who claims property sold under an execution, must produce the judgement of a court having jurisdiction of the matter in dispute.

This suit was brought to recover from the defendant a lot of ground, situated in the parish of Jefferson, of which the plaintiff, a resident of the parish of Orleans, alleged himself to be the legal owner. It appeared, from the evidence, that the lot in question was sold by the sheriff of the parish of Jefferson, as the property of the plaintiff, for two objects: First, to satisfy the taxes due to the state and parish, and

EASTERN DIS.
*April,* 1832.

THOMPSON
*vs.*
ROGERS.

secondly, to pay a judgement and costs, amounting to forty dollars, rendered against the plaintiff by the Parish Court of Jefferson, for not making the required repairs upon the property. Under this sale the defendant set up title. There was a verdict and judgement in his favor in the court below, and the plaintiff appealed.

*Preston* and *Roselius,* for the appellant, made the following points:

1. The plaintiff was never divested of title by the sheriff's sale, pretended to have been made in execution of a judgement obtained against the plaintiff by the police jury of the parish of Jefferson, because neither judgement nor execution is shown. 6 *Martin, N. S. p.* 347. And even if there had been a judgement it would have been *void,* because rendered by a court that had no jurisdiction of the case. It is shown, by the record that the amount claimed was under fifty dollars. *C. P. art.* 1064, 1066.

2. The sale for taxes is void, because it is shown that the plaintiff was a non-resident, and, consequently, his property could not be sold except by the state treasurer, after thirty days' notice in the state gazette. *Acts of* 1818, §2–3. *Moreau's Dig. vol.* 2, *p.* 479.

3. The judge *a quo* erred in charging the jury that by the word "non-resident" made use of in the laws of this state relative to taxes, were meant persons residing out of the state. These words mean persons not residing in the parish where the property is situated, and within which the assessors exercise their jurisdiction.

4. The sheriff was bound to return non-residents for parish tax. *Acts of* 1828, *p.* 104, § 3.

*M'Caleb, contra.*

1. The assessment roll, introduced by defendant showed that the lot in question was properly assessed as the property

of the plaintiff. This assessment roll was as an execution in the hands of the collector of taxes, and the property, under that execution, was duly advertised and sold. 2 *Moreau's Dig.* 453, § 12, *acts of* 1828, *p.* 50.

2. The proceedings, judgement, and order of seizure in the case of the *Parish* vs. *Thompson*, for a fine in not making the ordered works, were regular and legal, and the sale under the same good and valid. *Acts of* 1828, *p.* 128. 1 *Moreau's Dig.* 655, § 1. *Police Regulations, pp.* 6, 34.

MARTIN, J., delivered the opinion of the court.

The plaintiff claims as his property, a lot of ground in the possession of the defendant, who claimed title, under a sheriff's sale as collector of taxes, and under an execution on a judgement of the Parish Court, for a fine of forty dollars.

There was a verdict and judgement for the defendant, and the plaintiff appealed.

The record shows the plaintiff resides in the parish of New-Orleans, and the tax, for the payment of which the lot was sold, was assessed in the parish of Jefferson, where it lies. It is clear he was as to this tax a non-resident, *i. e.*, a resident of another parish, and in such a case, the sheriff or collector of taxes should have made a return to the state treasurer, by whom alone the payment of the tax by a sale of the land, could have been enforced.

*The state Treasurer alone is authorized to sell the land of a non resident payment of a tax.*

The word "non-resident" in our tax laws is not confined, as the defendant's counsel contends, to persons residing out of the state, but includes those who reside in it, but out of the parish in which the land is situated and the tax assessed.

The sheriff must go to the house of the landholder and summon him to pay the tax. 2 *Moreau's Dig.* 453, § 12. This he cannot officially do, if the house be in another parish than his own; for he cannot act officially out of it. If a person, whose property is taxed, remove out of the parish, the sheriff, as collector of taxes, cannot sell his property, but the sale must be made by the state treasurer, to whom the removal must be reported. *Moreau's Dig.* 455, § 16. *Id.* 479, § 2.

*The term 'non-resident' in our tax laws includes those who reside in the state, but out of the parish in which the land is situated and the tax is assessed.*

He who claims property sold under an execution, must produce the judgement of a court having jurisdiction of the matter in dispute.

It is, therefore, clear, that the plaintiff was not divested of his property, by a sale made by an officer who was not authorized by law to sell it for taxes.

He who claims property sold under an execution, must produce the judgement of a court having jurisdiction of the matter in dispute. Here the court who rendered the judgement was the Parish Court. The matter in dispute, a fine of forty dollars; of such a fine the jurisdiction, by an express law, is exclusively given to a justice of the peace. *Code of Practice,* 1061, 1063. The code further declares that parish courts have no original jurisdiction of causes of which cognizance is there given to justices of the peace exclusively. *Id.* 1066.

The plaintiff cannot have been divested of his property in the lot, by a sale under an execution issued on a judgment rendered by a court who had no jurisdiction of the matter in dispute before it.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided and reversed, and that the plaintiff recover the premises in the petition, from the defendant, with costs in both courts.